UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHI HEALTH, LLC,
Plaintiff,
v.
CALIFORNIA PHYSICIANS' SERVICE,
Defendant.

Case No. 26-cv-00257-JD

**ORDER RE DISMISSAL**

Plaintiff PHI Health filed this case in California state court to enforce an arbitration award of $55,066.49 for air ambulance services against California Physicians' Service d/b/a Blue Shield of California (Blue Shield). Dkt. No. 1, Exh. A ¶ 24-25. The award was obtained under the "independent dispute resolution" (IDR) process of the No Surprises Act (NSA), 42 U.S.C. §§ 300gg-111 *et seq.*, which mandates the arbitration of a billing dispute between a group health plan and a service provider who is "out-of-network" and has not contracted with the health plan to provide services. Blue Shield removed the case to this Court on federal question subject matter grounds, namely, the claims by PHI to enforce the IDR award on the basis of an implied right of action under the NSA, and under Section 9 of the Federal Arbitration Act (FAA), 9 U.S.C. § 9. Dkt. No. 1.

Blue Shield asks to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. Dkt. No. 12. The parties' familiarity with the record is assumed. The federal claims are dismissed without leave to amend, and the Court declines to exercise supplemental jurisdiction over the state law claims.

As each side acknowledges, the legal questions presented here walk well-trodden ground. With respect to PHI's NSA claim, federal courts across the United States have overwhelmingly

United States District Court
Northern District of California

rejected the theory of an implied right under the statute to enforce IDR awards. *See, e.g., E. Coast Advanced Plastic Surgery, LLC v. Cigna Health & Life Ins. Co.*, ___ F.4th ___, 2026 WL 2751786, at *4 (2d Cir. Sept. 17, 2026) ("We thus join the Fifth Circuit in holding that the NSA does not imply a private right of action to enforce IDR awards."); *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 274-77 (5th Cir. 2025) (holding the same); *SpecialtyCare, Inc. v. Kaiser Found. Health Plan, Inc.*, No. 24-cv-09342-JST, 2026 WL 2043194, at *4-5 (N.D. Cal. July 15, 2026) (same). As the Second Circuit concluded, although the NSA contains "rights-creating language" that may, in some cases, imply a private right of action, Congress mandated a "comprehensive regulatory framework" that "expressly provided" for the Department of the Treasury, the Department of Labor, and other federal and state government agencies to enforce IDR awards. *E. Coast Advanced Plastic Surgery*, 2026 WL 2751786, at *5-6. "This statutory scheme makes clear that Congress did not intend to authorize private lawsuits to enforce IDR awards." *Id.* at *6. The Second Circuit also noted that while the NSA expressly incorporated Section 10 of the FAA, 9 U.S.C. § 10(a), for vacating arbitration awards, it did not incorporate Section 9 for confirming awards. *Id.* at *4; *see also* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II) ("[IDR awards] shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of [Section 10 of the FAA].").

PHI did not offer a good reason to depart from the national judicial consensus against an implied right of action in the NSA. Its main argument is that the Court should follow *Guardian Flight LLC v. Aetna Life Ins. Co.,* 789 F. Supp. 3d 214 (D. Conn. 2025), which was a rare decision concluding that an implied right exists for IDR enforcement. The problem for PHI is that the decision was abrogated by the Second Circuit. *See E. Coast Advanced Plastic Surgery*, 2026 WL 2751786, at *4 & n.5. To the extent PHI suggests that the IDR enforcement framework was a poor policy choice, the Court may not disregard the plain language of a statute in favor of a different policy preference. *See In re Hokulani Square, Inc.*, 776 F.3d 1083, 1088 (9th Cir. 2015). As the Fifth Circuit stated, Congress was free to judge "it better to have an administrative enforcement mechanism handle most award disputes instead of throwing open the floodgates of litigation." *Guardian Flight*, 140 F.4th at 277.

PHI's claim for enforcement of the IDR award under Section 9 of the FAA fares no better. As discussed, Congress expressly incorporated Section 10 of the FAA in the NSA, but left out any reference to Section 9. In effect, PHI asks the Court to affirmatively enlarge the NSA to permit enforcement of IDR awards under Section 9 in a manner that Congress chose to omit. "To supply omissions transcends the judicial function." *Nichols v. United States*, 578 U.S. 104, 110 (2016) (citation modified). In addition, Section 9 requires a written agreement to arbitrate. *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then "any party to the arbitration may apply to the court so specified for an order confirming the award."). No such agreement existed between PHI and Blue Shield.

Consequently, PHI's federal claims are dismissed. Because the shortfalls in the federal claims cannot be cured by amendment, the dismissal is with prejudice. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (citation modified). The Court declines to exercise supplemental jurisdiction over the California state law claims. *See* 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013). They are dismissed without prejudice. The case will be closed.

**IT IS SO ORDERED.**

Dated: September 29, 2026

JAMES DONATO
United States District Judge